```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

BANCO POPULAR DE PUERTO RICO,           )
                                        )
              Plaintiff,                )
                                        )
         v.                             )    Civil No. 2009–153
                                        )
MAJESTIC CONSTRUCTION, INC., JAMES H.   )
STURGESS, CHERYL A. STURGESS,           )
GOVERNMENT OF THE VIRGIN ISLANDS        )
BUREAU OF INTERNAL REVENUE,             )
                                        )
              Defendants.               )
                                        )
────────────────────────────────────────)
                                        )
GOVERNMENT OF THE VIRGIN ISLANDS        )
BUREAU OF INTERNAL REVENUE,             )
                                        )
              Cross-claimant,           )
                                        )
         v.                             )
                                        )
MAJESTIC CONSTRUCTION, INC., JAMES H.   )
STURGESS, CHERYL A. STURGESS,           )
                                        )
              Cross-claim defendant.    )
                                        )
────────────────────────────────────────
```

**APPEARANCES:**

**Justin K. Holcombe, Esq.**
Dudley Topper & Feuerzeig
St. Thomas, VI
   *For Banco Popular de Puerto Rico,*

**Henry C. Smock, Esq.**
Smock & Moorehead
St. Thomas, VI
   *For the defendants Majestic Construction, Inc., James H.*
   *Sturgess, and Cheryl A. Sturgess,*

**Claude Walker, AG**
**Carol Thomas-Jacobs, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
   *For the Government of the Virgin Islands Bureau of Internal*
   *Revenue.*

**ORDER**

**GÓMEZ, J.**

On October 29, 2009, Banco Popular de Puerto Rico ("Banco Popular") initiated this action for debt and foreclosure against Majestic Construction, Inc. ("Majestic"); James H. Sturgess and Cheryl A. Sturgess (collectively the "Sturgesses"); and the Government of the Virgin Islands Bureau Of Internal Revenue (the "VIBIR").

On October 8, 2010, Banco Popular moved for summary judgment against Majestic, the Sturgesses, and the VIBIR. None of the defendants opposed the motion.

On May 27, 2011, the Court granted Banco Popular's motion for summary judgment. The judgment foreclosed liens on four properties owned by Majestic. Those properties are described in the May 27, 2011, Judgment as: Parcel No. 15A-8-B-5 Estate Rendezvous and Ditliff, No. 15A Cruz Bay Quarter, St. John, U.S. Virgin Islands, as shown on O.L.G. Drawing No. D9-5149-T91; Parcel No. 15A-8-B-6 Estate Rendezvous and Ditliff, No. 15A Cruz Bay Quarter, St. John, U.S. Virgin Islands, as shown on O.L.G. Drawing No. D9-5149-T91; Parcel No. 17E Estate Bovoni, Nos. 1 and 2 Frenchman's Bay Quarter, St. Thomas, U.S. Virgin Islands, as shown on O.L.G. Drawing No. A9-379-T90; and Parcel No. 1-1-16 Estate Grunwald, No. 12B Cruz Bay Quarter, St. John, U.S. Virgin Islands, as shown on OLG Drawing No. D9-5610-T93.

In the May 27, 2011, judgment, the Court granted a final judgment for the total sum of $213,139.92, with interest continuing to accrue at the daily rate of $25.98 and late charges continuing to accrue at the rate of 5% of the monthly payment due until May 27, 2011. Thereafter, the interest was to accrue at the statutory rate. It was further ordered that Banco Popular's mortgage lien and security interest covering the properties was the first priority lien and that all other liens were junior to the liens of Banco Popular. The Court further ordered that:

> the aforesaid liens shall be foreclosed and the Properties shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to 28 U.S.C. §1921, and then toward satisfaction of this judgment in favor of Banco Popular, including any costs and attorneys' fees that may be awarded upon application and any sums that may be paid by Banco Popular for insurance premiums, taxes and expenditures necessary to maintain the Properties pending sale with interest from the date of any such payment. The surplus, if any, remaining after application of the proceeds as provided above, shall be distributed in accordance with V.I. Code Ann. tit. 5, § 489[1].

---

[1] V.I. Code Ann. Tit. 5, § 489 provides in pertinent part that:
Whenever real property is sold on execution the provisions of this section shall apply to the subsequent proceedings:
. . .
(3) Upon the return of the execution, the marshal shall pay the proceeds of the sale to the clerk, who shall then apply the same, or so much thereof as may be necessary, in satisfaction of the judgment. If an order of resale is afterwards made, and the property sells for a greater amount to any person other than the former

Judgment, May 27, 2011, ECF No. 28, at 11-12.

Thereafter, on October 26, 2012, the Court issued a writ of execution for the judgment in the amount of $220,076.58. Interest has accrued on that judgment at the statutory rate.

Pursuant to the Court's May 27, 2011, Judgment, on April 11, 2013, the United States Marshal sold the Properties described therein. Parcel No. 15A-8-B-5 Estate Rendezvous and Ditliff, No. 15A Cruz Bay Quarter, St. John, U.S. Virgin Islands, as shown on O.L.G. Drawing No. D9-5149-T91, was sold to Eric Mueller for $76,500.

Parcel No. 15A-8-B-6 Estate Rendezvous and Ditliff, No. 15A Cruz Bay Quarter, St. John, U.S. Virgin Islands, as shown on O.L.G. Drawing No. D9-5149-T91; Parcel No. 17E Estate Bovoni, Nos. 1 and 2 Frenchman's Bay Quarter, St. Thomas, U.S. Virgin Islands, as shown on O.L.G. Drawing No. A9-379-T90; and Parcel No. 1-1-16 Estate Grunwald, No. 12B Cruz Bay Quarter, St. John, U.S. Virgin Islands, as shown on OLG Drawing No. D9-5610-T93,

---

purchaser, the clerk shall first repay to such purchaser the amount of his bid out of the proceeds of the latter sale.
. . . 
(5) If, after the satisfaction of the judgment, there are any proceeds of the sale remaining, the clerk shall pay such proceeds to the judgment debtor, or his representatives, as the case may be, at any time before the order is made, upon the motion to confirm the sale, provided such party files with the clerk a waiver of all objections made or to be made to the proceedings concerning the sale; but if the sale is confirmed, such proceeds shall be paid to such party of course, otherwise, they shall remain in the custody of the clerk until the sale of the property has been disposed of.

5 V.I.C. § 489. Majestic and the Sturgesses are the judgment debtors in this matter.

were sold to Banco Popular for $12,000, $56,000 and $76,000 respectively. In total, the Properties sold for $220,500.

On May 28, 2013, the Marshal deposited $76,500 into the Court's registry. The $76,500 represents the proceeds from the sale of Parcel No. 15A-8-B-5 Estate Rendezvous and Ditliff, No. 15A Cruz Bay Quarter, St. John, U.S. Virgin Islands, as shown on O.L.G. Drawing No. D9-5149-T91, to Eric Mueller.

On February 5, 2014, the Court entered an order confirming the Marshal's sale as to the properties sold to Banco Popular.[2] That order omitted confirmation of the sale as to Eric Mueller. On April 17, 2014, Banco Popular moved to correct the February 5, 2014, Order pursuant to Fed. R. Civ. P. 60(a). On February 3, 2015, the Court entered an order amending the February 5, 2014, Order to approve and confirm the sale as to Eric Mueller.

Title 28, Section 2041, of the United States Code in pertinent part provides:

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.

28 U.S.C.S. § 2041.

---

[2] Parcel No. 15A-8-B-6 Estate Rendezvous and Ditliff, No. 15A Cruz Bay Quarter, St. John, U.S. Virgin Islands, as shown on O.L.G. Drawing No. D9-5149-T91; Parcel No. 17E Estate Bovoni, Nos. 1 and 2 Frenchman's Bay Quarter, St. Thomas, U.S. Virgin Islands, as shown on O.L.G. Drawing No. A9-379-T90; and Parcel No. 1-1-16 Estate Grunwald, No. 12B Cruz Bay Quarter, St. John, U.S. Virgin Islands, as shown on OLG Drawing No. D9-5610-T93.

Title 28, Section 2042, of the United States Code in pertinent part provides:

> No money deposited under section 2041 of this title [28 USCS § 2041] shall be withdrawn except by order of court.
>
> In every case in which the right to withdraw money deposited in court under section 2041 [28 USCS § 2041] has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.

28 U.S.C.S. § 2042

Five years have passed since the May 28, 2013, deposit of funds with the Court in this matter. No party has claimed those funds.

The premises considered, it is hereby

**ORDERED** that Banco Popular, Majestic, the Sturgesses, and the VIBIR shall, by November 21, 2018, show cause why the Court should not order the Clerk of the Court to deposit the proceeds from the sale in this matter in the Treasury of the United States in the name and to the credit of the United States.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**